UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>CASSIE JOHNSON,<br><br>                    Defendant. | Case No.  6:21-mj-00017-HBK-1<br><br>ORDER GRANTING DEFENSE'S MOTION TO DISMISS COUNT 1 AND GOVERNMENT'S MOTION TO DISMISS COUNTS 1, 2, and 3 OF CRIMINAL COMPLAINT<br><br>(Doc. Nos. 12, 13) |

Before the Court are Defendant's motion to dismiss Count 1 of the criminal complaint (Doc. No. 12) and the Government's motion to dismiss Counts 1, 2, and 3 of the criminal complaint (Doc. No. 13). For the reasons stated below, the court grants the parties' respective motions and dismisses Counts 1, 2, and 3 of the criminal complaint.

According to the criminal complaint, Defendant is alleged to have entered Yosemite National Park in a stolen Ford F-250 with Alfred Arroyos on or about May 20, 2018. (Doc. No. 1 at 1-2). Defendant and Mr. Arroyos then allegedly proceeded to a home located at 2596 Porcupine Alley in Wawona, California where they stole several items from inside the home and drove away without incident. (*Id* at 2).

The stolen Ford F-250 was recovered on May 21, 2018, at 40130 Enterprise Drive in Oakhurst, California. (*Id* at 2-3). Upon recovery of the vehicle, items belonging to Defendant, as

well as items from the home at 2596 Porcupine Alley were located. (*Id* at 4-5). Defendant was arrested on a warrant in this case on December 21, 2021. (Doc. No. 10). In addition to other charges, Defendant was charged with one count for violating 18 U.S.C. § 2(a) for aiding and abetting (Count 1), one count for violating 18 U.S.C. § 13 assimilating California Penal Code 496(a) through the Assimilative Crimes Act for receiving stolen property greater than $950 (Count 2), and one count for violating 18 U.S.C. § 13 assimilating California Penal Code 496(a) through the Assimilative Crimes Act for receiving solen property less than $950 (Count 3). (Doc. No. 2).

## DISCUSSION

**A.  Count One - violating 18 U.S.C. § 2(a)**

Title 18 U.S.C. § 2(a) ("aiding and abetting statute") permits the Government to prosecute a defendant for aiding and abetting stating, "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission is punishable as a principle." "[T]he aiding and abetting statute does not define a separate offense but rather makes punishable as a principal one who aids or abets another in the commission of a substantive offense." *Londono-Gomez v. Immigration & Naturalization Service*, 699 F.2d 475, 76 (9th Cir. 1983) (internal citations and quotations omitted). The elements of aiding and abetting are:

> (1) that the accused had the specific intent to facilitate the commission of a crime by another, (2) that the accused had the requisite intent of the underlying substantive offense, (3) that the accused assisted or participated in the commission of the underlying offense, and (4) that someone committed the underlying substantive offense.

*United States v. Singh*, 532 F.3d 1053, 57 (9th Cir. 2008). In order to convict a defendant for aiding and abetting, the Government must prove that "the defendant willingly associated himself with the venture and participated therein as something he wished to bring about." *Id.* at 1058 (quoting *United States v. Zemek*, 634 F.2d 1159 (9th Cir. 1980)). The aiding and abetting statute does not define a separate offense; therefore, an indictment "must be accompanied by any indictment for a substantive offense." *Londono-Gomez*, 699 F.2d at 477 (quoting *United States v. Cowart* 595 F.2d 1023, 1031 n. 10 (5th Cir. 1979); *see also United States v. Medina*, 940 F.2d

1247, 49 (9th Cir. 1991) (stating "*Londono-Gomez* merely stands for the proposition that in order sufficiently to charge aiding and abetting under 18 U.S.C. § 2, the count must allege a violation of some substantive statute along with 18 U.S.C. § 2. There can be no violation of section 2 alone…") (citation omitted).

Although Defendant was cited for violating 18 U.S.C. § 2(a) for aiding and abetting there is no allegation that Defendant violated a substantive statute along with 18 U.S.C. § 2(a). (*See* Doc. 1 at 1). In order to prosecute the Defendant with violating the aiding and abetting statute, the Government must accompany the Defendant's indictment of aiding and abetting with a substantive offense. *See Londono-Gomez*, 699 F.2d at 477. Because there cannot be a violation of 18 U.S.C. § 2(a) alone, the Government and Defense both properly moved to dismiss Count one. *See id* at 476-77; *see also Medina*, 940 F.3d at 49. Accordingly, the Court grants the parties' respective motions as to Count 1 and dismisses it ***without prejudice***.

**B. Counts two and three – violating 18 U.S.C. § 13**

The purpose of the Assimilative Crimes Act ("ACA") is to allow the government to borrow "state law to fill gaps in the federal criminal law that applies on federal enclaves." *Lewis v. United States*, 523 U.S. 155, 160 (1998) (internal citations and quotations omitted). The ACA will not assimilate a state statute when the defendant's conduct is punishable by a federal statute. *Id.* at 159. To determining whether the ACA applies, the court conducts a two-question analysis:

> First [a] court must first ask the question that the ACA's language requires: Is the defendant's "act or omission…made punishable by *any* enactment of Congress." *18 U.S.C. § 13(a)* (emphasis added). If the answer to this question is "no," that will normally end the matter. The ACA presumably would assimilate the statute. If the answer to the question is "yes," however, the court must ask the further question whether the federal statutes that apply to the "act or omission" preclude application of the state law in question, say because its application would interfere with the achievement of federal policy, see *Johnson v. Yellow Cab Transit Co.*, 321 U.S. 383, 389-390, 88 L. Ed. 814, 64 S. Ct. 622 (1944), because the state law would effectively rewrite an offense definition that Congress carefully considered, see *Williams* [*v. United Sates*, 327 U.S. 711, 724-725 (1946)], or because federal statutes reveal an intent to occupy so much of a field as would exclude use of the particular state statute at issue, see *id*., at 724 (no assimilation where Congress had "covered the field with uniform federal legislation"). *See also Franklin* [*v. United States*, 216 U.S. 559, 568 (1910) (assimilation proper only where state laws "not displaced by specific laws enacted

by Congress").

*Id.* at 164-65 (internal citation omitted).

Defendant was charged in Counts 2 and 3 with violating 18 U.S.C. § 13 (the ACA). (Doc. No. 1 at 1). For Count 2, the Government assimilated Cal. Penal Code § 496(a) for receiving stolen property over $950. (*Id.*). For Count 3, the Government assimilated Cal. Penal Code § 496(a) for receiving stolen property under $950. Title 18 U.S.C. § 662 authorizes the Government to prosecute an individual for receiving stolen property that is valued both over and under $1,000. As a result, Defendant's alleged conduct is punishable by an enactment of Congress and the first question in the *Lewis* analysis is answered in the affirmative. *See Lewis*, 523 U.S. at 160, 164.

Next, the Court asks whether 18 U.S.C. § 662 precludes the application of the state law. In other words, "[d]oes the applicable federal law indicate an intent to punish conduct such as the defendant's to the exclusion of the particular state statute at issue?" *Id.* at 164, 168. In *Lewis v. United States*, the Supreme Court concluded the ACA did not make Louisiana's first-degree murder statute part of federal law. *Id.* at 158. There, the appellant was charged with and convicted of Louisiana's first-degree murder statute for the killing of her four-year old daughter on a federal army base in Louisiana. *Id.* at 158-159. Appellant's conviction relied on the ACA to assimilate Louisiana's first-degree murder statute. *Id*. The Government assimilated the Louisiana state law because it provided a child victim enhancement, which was absent in the federal law. *Id.* at 158, 166-68. The Supreme Court held it was error to assimilate Louisiana state law explaining 18 U.S.C. § 1111 provided punishment for appellant's conduct. *Id.* at 168. The Court further found federal law indicated an intent to punish the defendant's conduct to the exclusion of state law as evidenced by the federal statute's language, which defined elements for first-degree murder and second-degree murder as indicative of Congress' intent to exclude a state's statute for murder. *Id.* at 168-69. The Court also noted the difference in punishment under federal law for first and second-degree murder versus punishment under the state's statute. *Id.* at 170.

Here, California state law punishes a defendant's conduct for receiving stolen property

4

1    that is valued at both under and over $950. Cal. Penal Code § 496(a). Punishment under

2    California state law also factors in the value of the stolen property. *Id.* However, federal law also

3    has a statute that punishes a defendant who receives stolen property. *See* 18 U.S.C. § 662. While

4    the maximum punishments differ, federal law is similar to the extent it considers the value of the

5    stolen property when sentencing a defendant. *Id.*[1]

6        The Court finds 18 U.S.C. § 662 precludes the application of state law under the ACA.

7    Title 18 U.S.C. § 662 speaks directly to the Defendant's alleged conduct and differentiates

8    punishment based on the value of the stolen property received. *See* 18 U.S.C. § 662; *see also*

9    *Lewis,* 523 U.S at 168-69. This difference in punishment is evidence of Congress' intent to

10    exclude the assimilation of state law for receiving stolen property. There is no gap in federal law

11    because 18 U.S.C. § 662 would properly punish Defendant's conduct. Thus, the ACA cannot be

12    used to assimilate Cal. Penal Code § 496(a). If Defendant is to be charged with receiving stolen

13    property, she should have been charged under 18 U.S.C. § 662 and not under California state law.

14    Consequently, Counts 2, and 3 are dismissed to the extent they rely upon California state law for

15    the offenses.[2]

16        Accordingly, it is **ORDERED**:

17        Defendant's Motion to Dismiss Count 1 (Doc. No. 12) and the Government's Motion to

18        Dismiss Counts 1, 2, and 3 (Doc. No. 13) are GRANTED and Counts 1, 2, and 3 are

19        DISMISSED.

21    Dated:    April 8, 2022

22                                  HELENA M. BARCH-KUCHTA
                                     UNITED STATES MAGISTRATE JUDGE

---

[1] California state law bases punishment on the value of stolen property over or under $950. In contrast, federal law bases punishment on the value of stolen property over or under $1,000. *Compare* Cal. Penal Code § 496(a) and 18 U.S.C. § 662.

[2] The Court expresses no opinion as to the propriety of the Government to filing a superseding complaint.

5